**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

MARK E. LEE,                                          )
                                                      )
        Petitioner,                                   )
                                                      )
v.                                                    )        Civil Action No. 3:13CV251–HEH
                                                      )
HAROLD W. CLARKE,                                     )
                                                      )
        Respondent.                                   )

FILE

OCT 2 8 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**MEMORANDUM OPINION**
**(Granting Respondent's Motion to Dismiss)**

Mark E. Lee, a Virginia inmate proceeding with counsel, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of the City of Richmond, Virginia ("Circuit Court") for second degree murder. Lee contends he failed to receive the effective assistance of counsel:

> Claim A    Counsel failed to seek and obtain a jury instruction which would inform the jury that "Heat of passion excludes malice when that heat of passion arises from provocation that reasonably produces an emotional state of mind such as hot blood, rage, anger, resentment, terror or fear so as to demonstrate an absence of deliberate design to kill, or to cause one to act on impulse without conscious reflection. Heat of passion must be determined from circumstances as they appeared to defendant but those circumstances must be such as would have aroused heat of passion in a reasonable person." This language is from the second paragraph of the Model Jury Instruction No. 33.220 Malice -- Definition.
>
> (§ 2254 Pet. 12 (emphasis omitted).)

Claim B  There was a plea offer for the Petitioner to plead guilty to the reduced charge of manslaughter and receive a possible sentence between 3 and 6 years. The Petitioner was interested in the offer but did not want to take the plea unless no other witness could refute Drayton's claim that there was a second stabbing event. Because no such witness was located prior to the deadline of August 1, 2008, to accept a plea offer as stated in the pre-trial order, counsel failed to advise the Petitioner to accept the plea offer before the deadline. Additionally, counsel failed to advise the Petitioner to accept the plea offer after Davis had been found and interviewed on or about August 8, 2008, when it was known or should have been known that Davis left the scene before it was over and could not refute Drayton's claim of a second stabbing event.

(*Id.* at 21 (emphasis omitted).)

Respondent has moved to dismiss on the grounds that Lee's claims lack merit.[1] For the reasons that follow, the Motion to Dismiss (ECF No. 3) will be granted.

## I.  THE APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not

---

[1] Respondent concedes Lee's claims are exhausted and not defaulted. (Br. Supp. Mot. Dismiss ¶ 5.)

2

grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court emphasizes that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).[2]

## II. SUMMARY OF THE EVIDENCE

The Court of Appeals of Virginia aptly summarized the evidence of Lee's guilt as follows:

> Jarell Drayton, an eyewitness to the incident, testified the victim was upset because appellant "looked at him funny" as appellant rode by in a truck. The victim asked if anyone around him had a gun, but he did not obtain a weapon. The victim then approached the truck. He told appellant to exit the truck, and he said he was "ready to fight." The victim struck appellant with his fist, and they began to fight. Drayton stated he heard the victim say, "He stabbed me." The victim walked away from appellant, holding his chest. Drayton testified appellant approached the victim from behind and stabbed the victim in the chest. The victim again tried to get away from appellant, but appellant pursued the victim. Drayton also heard appellant say, "I'm tired of him. I'm going to kill him." After the victim collapsed, appellant ran from the scene.
>
> The victim died as a result of his wounds, and the medical examiner testified that a stab wound to the heart was the cause of death. Appellant had a small cut over one eye after the incident.

---

[2] In light of the foregoing statutory structure, the findings of the Virginia courts figure prominently in this Court's opinion.

Appellant testified the victim struck him, causing him to fall to the ground. He stated the victim repeatedly struck him while he was on the ground so he removed a knife from his pocket and swung it to get the victim off of him. Appellant testified he heard the victim exclaim that he had been stabbed and he heard victim ask for a gun. Appellant denied that he pursued the victim during the incident and then stabbed him.

. . . .

Although the victim struck appellant first with his fist, an eyewitness testified appellant pursued the unarmed victim with a knife as the victim tried to flee after appellant stabbed him the first time. The jury believed the eyewitness' testimony and did not accept appellant's testimony that he did not pursue the victim with the knife. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Sandoval v. Commonwealth*, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Furthermore, appellant stabbed the victim a second time in the chest and he exclaimed he wanted to kill the victim. From the evidence of appellant's words and his conduct, the jury could conclude that appellant acted with malice. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that appellant committed the charged offense.

*Lee v. Commonwealth*, No. 2916–08–2, at 2–3 (Va. Ct. App. June 8, 2009).

## III.   INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

4

A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim A, Lee faults trial counsel for failing to request a heat of passion instruction. The Circuit Court found "there is no reasonable probability that but for the lack of [a] request [by] counsel for a jury instruction with regard to the definition of heat of passion [there] would have been a different outcome." (Apr. 12, 2012 Tr. 34.) As explained below, that decision passes muster under 28 U.S.C. § 2254(d)(1)–(2).

The Circuit Court provided the following instruction:

> The defendant is charged with the crime of first degree murder of Thomas Plummer. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
> (1) That the defendant killed Thomas Plummer, and
> (2) That the killing was malicious; and
> (3) That the killing was willful, deliberate, and premeditated.
> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty of first degree murder but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.
> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the first two elements of the offense as charged but you did not find beyond a reasonable doubt that the killing was willful, deliberate and premeditated, then you shall find the defendant guilty of second degree murder but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.
> If you find that the Commonwealth has failed to prove beyond a reasonable doubt that the killing was malicious but that the Commonwealth has proved beyond a reasonable doubt that the defendant killed Thomas Plummer, and further:

(1) That the killing was the result of an intentional act; and
(2) That the killing was committed while in the sudden heat
of passion upon reasonable provocation.
Then you shall find the defendant guilty of voluntary manslaughter but you
shall not fix the punishment until the verdict has been returned and further
evidence has been heard by you.
        If you find that the Commonwealth has failed to prove beyond a
reasonable doubt any of the above offenses, then you shall find the
defendant not guilty.

Instruction No. 3, at 1–2, *Commonwealth v. Lee*, F08–3644 (Va. Cir. Ct. filed Sept. 16,

2008) (punctuation corrected).   Thus, the jurors knew that if Lee killed Plummer in the

heat of passion upon reasonable provocation they should only find him guilty of

voluntary manslaughter.   Further an instruction defining heat of passion would not have

resulted in a different verdict because the weight of the evidence simply failed to indicate

Lee killed Plummer in the heat of passion.

        On April 4, 2008, Lee and Plummer had an altercation at the Salvation Army.

(Sept. 16, 2008 Tr. 109.)   Plummer pushed Lee into a lamp and got them both ejected

from the Salvation Army.   (Sept. 16, 2008 Tr. 109.)

        On April 9, 2008, Lee went to Highland Park neighborhood where Plummer lived.

(Sept. 16, 2008 Tr. 109, 117.)   Lee saw Plummer and "looked at him funny." (Sept. 16,

2008 Tr. 63.)   Thereafter, Plummer approached Lee and told Lee to get out of the vehicle

in which he was sitting.   (Sept. 16, 2008 Tr. 65.)   Although Plummer struck the first few

blows, Lee quickly pulled a knife on Plummer and stabbed him.[3]   (Sept. 16, 2008 Tr. 65–

---

[3]Lee was six feet four or five inches tall and weighed over two hundred pounds.  (Sept. 16, 2008
Tr. 121–22; Presentence Investigation Report 8, *Commonwealth v. Lee*, F08–3644 (Va. Cir. Ct.
filed Nov. 10, 2008).)   According to the medical examiner's report the victim was five feet and
eleven inches tall and weighed 182 pounds.   Commonwealth Exhibit No. 5, *Commonwealth v.
Lee*, F08–3644 (Va. Cir. Ct. filed Sept. 16, 2008).

67.)  Upon being stabbed, Plummer ceased fighting and stumbled up the street holding

his chest.  (Sept. 16, 2008 Tr. 66.)  Lee pursued Plummer, came up behind Plummer and

again stabbed Plummer in the chest.  (Sept. 16, 2008 Tr. 66–67.)  Plummer again

attempted to get away from Lee by placing a car between himself and Lee.  (Sept. 16,

2008 Tr. 67.)  On-lookers urged Lee to "[l]eave it alone, just leave it alone, the man

bleeding."  (Sept. 16, 2008 Tr. 68.)  Lee responded, "I'm tired of him. . . . I'm gonna kill

him" and continued to chase Plummer around the car.  (Sept. 16, 2008 Tr. 68–69.)  When

Plummer collapsed, Lee fled from the scene.  (Sept. 16, 2008 Tr. 69.)

Given the relative size of Lee and Plummer, Lee's deliberate, unrelenting, armed

pursuit, and his expressed intention to kill Plummer, no reasonable probability exists that

the jury would have found Lee guilty only of voluntary manslaughter had counsel

requested an instruction defining heat of passion.  Accordingly, Claim A will be

dismissed.

In Claim B, Lee contends that counsel performed deficiently with respect to an

alleged plea offer.  Lee alleges:

> There was a plea offer for the Petitioner to plead guilty to the
> reduced charge of manslaughter and receive a possible sentence between 3
> and 6 years.  The Petitioner was interested in the offer but did not want to
> take the plea unless no other witness could refute Drayton's claim that there
> was a second stabbing event.  Because no such witness was located prior to
> the deadline of August 1, 2008, to accept a plea offer as stated in the pre-
> trial order, counsel failed to advise the Petitioner to accept the plea offer
> before the deadline.  Additionally, counsel failed to advise the Petitioner to
> accept the plea offer after Davis[4] had been found and interviewed on or
> about August 8, 2008, when it was known or should have been known that

---

[4] Reginald Davis was the driver of the vehicle in which Lee was sitting when Plummer
approached Lee.

Davis left the scene before it was over and could not refute Drayton's claim
of a second stabbing event.

(§ 2254 Pet. 21 (emphasis omitted).)   Lee suggests that if counsel had timely informed

him that he could not locate a witness to confirm Lee's contention that no second

stabbing occurred and if counsel had provided him with proper advice, he would have

accepted the Commonwealth's offer to allow him to plead guilty to manslaughter.   The

Circuit Court found that Lee failed to demonstrate prejudice.   As explained below, that

conclusion is not unreasonable.   *See* 28 U.S.C. § 2254(d)(1)–(2).

Lee's trial counsel, James L. McLemore, IV, represents:

> The Commonwealth first offered to reduce the case to manslaughter
> in exchange for a waiver of preliminary hearing and a guilty plea in Circuit
> Court.   I relayed this offer to the defendant on May 20, 2008 and it was
> promptly rejected.   Lee felt as if he was the victim of the attack and could
> not imagine entering a plea where he believed he was merely defending
> himself.   It should be noted that my recommendation was to reject the offer
> at this time primarily because it did not include any agreement to cap the
> sentence within the sentencing guidelines.   Without knowing which judge
> would be assigned in Circuit Court, I could not accurately gauge where I
> thought the sentence would lie within the sentencing range.
>     The offer Lee alludes to in the Habeas Petition was offered on July
> 15, 2008 at which time the case was set for trial.   The offer was relayed to
> Lee on July 21, 2008 and was rejected.   In his petition, Lee states "Counsel
> knew that the Petitioner wanted to take the plea unless he had another
> witness to refute Drayton's testimony of a second stabbing event."   This
> was not the case as I repeatedly informed Lee of the danger of conviction
> on a murder charge and almost certainly of manslaughter.   Lee could not
> move past the notion that he was the victim of this attack and was
> defending himself.   Lee became so heated during this meeting that sheriff's
> deputies had to come down to the interview room and escort Lee back to
> his tier.   The issue in rejecting the plea offer was never about a witness, but
> always about Lee as the victim.[5]

---

[5] During his trial testimony, Lee disputed the notion that he had any intent to kill Plummer.
Instead, he asserted that he swung and poked his knife around in an effort to defend himself from
Plummer, who had attacked him and was beating him on the ground. (Sept. 16, 2008 Tr. 108–
125.)

> After I spoke with Reginald Davis as well as two other potential witnesses who recanted earlier statements, I approached the Commonwealth on September 8, 2008 in an attempt to have the Commonwealth reduce the charge to manslaughter and cap within the guidelines in exchange for a bench trial. The Commonwealth refused and reiterated that all offers were off the table.

(ECF No. 6–1 ("McLemore Aff.") 1–2.)

The contemporaneous record supports the Circuit Court's conclusion that Lee was unwilling to plead guilty to manslaughter at the time such offer remained open to Lee. On July 15, 2008, the Circuit Court conducted a pretrial hearing and set the matter for a jury trial on August 12, 2008. (July 15, 2008 Tr. 4.) Lee was present at the hearing with counsel. (July 15, 2008 Tr. 2.) The prosecutor acknowledged that they had made a plea offer to Lee. (July 15, 2008 Tr. 6.) The Circuit Court informed Lee that he must accept any plea offer before August 1, 2008. (July 15, 2008 Tr. 6.)

In part of Claim B, Lee faults counsel for failing to impress upon him the need to accept the plea offer before August 1, 2008. Lee, however, fails to counter counsel's sworn statement that Lee already had rejected the plea offer, prior to that date. Moreover, Lee fails to explain why he was unaware of the August 1, 2008 deadline in light of the fact that he was present when the Circuit Court recited that deadline.

Moreover, the contemporaneous record belies Lee's assertion that he was contemplating pleading guilty unless he could locate a favorable witness. At the end of the July 15, 2008 hearing, the Circuit Court asked the parties:

> Are there any other matters to bring to the Court's attention at this time? Are there any issues with witnesses? We don't want to wait until August 1st to hear that witnesses are not available or can't be located.

9

So is there any issue now as to witnesses that either of you are aware of?

(July 15, 2008 Tr. 7.) Neither party indicated they had an issue with witnesses. (July 15, 2008 Tr. 7.)

On August 11, 2008, Lee again appeared in the Circuit Court with counsel on a motion to continue the scheduled trial date. (Aug. 11, 2008 Tr. 2–3.) Defense counsel represented that he required a continuance because he only recently had contacted a witness for the defense. (Aug. 11, 2008 Tr. 3–5.) Counsel acknowledged that although Lee now wanted to have this witness testify at trial, as of August 1, 2008, the date the plea offer expired, Lee was prepared to go to trial with the witnesses Lee had available as of August 1, 2008. (Aug. 11, 2008 Tr. 5¬6.) Thus, the contemporaneous record supports trial counsel's assertion that Lee's decision about whether to plead guilty did not rest on whether the defense could locate a witness to support Lee's version of the altercation.

Under the present circumstances, "the prejudice inquiry focuses on 'whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *United States v. Merritt*, 102 F. App'x. 303, 307 (4th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Thus, Lee must demonstrate that inadequate advice or information caused him to reject the Commonwealth's offer to allow him to plead guilty to manslaughter. *Id.* (citing *Magana v. Hofbauer*, 263 F.3d 542, 547–48 (6th Cir. 2001); *United States v. Gordon*, 156 F.3d 376, 379–81 (2d Cir. 1998); *United States v. Day*, 969 F.2d 39, 42–43 (3d Cir. 1992)). Given the information Lee possessed and his persistent insistence on his innocence, Lee fails to demonstrate a reasonable probability

10

that he would have accepted the plea offer, when that offer remained available, but for some constitutionally deficient omission by trial counsel. *See Jackson v. United States*, 638 F. Supp. 2d 514, 581–82 (W.D.N.C. 2009) (concluding that in light of the petitioner's expressed desire to fight the charges, he failed to demonstrate a reasonable probability that he would have accepted the plea offer during the window of opportunity to accept the plea); *Goudie v. United States*, 323 F. Supp. 2d 1320, 1335–36 (S.D. Fla. 2004) (rejecting petitioner's claim that he would have accepted when, at the time the plea was open, the petitioner insisted he was innocent). In light of this record, it was not unreasonable for the Circuit Court to conclude that Lee failed to demonstrate a reasonable probability that he would have accepted the plea offer at the time that the offer remained available to him, but for a constitutional error of counsel. Claim B will be dismissed.

## IV. CONCLUSION

Respondent's Motion to Dismiss (ECF No. 3) will be granted. The § 2254 Petition will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S.

11

473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Lee fails

to meet this standard. Accordingly, the Court will deny a certificate of appealability.

An appropriate order will accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Oct. 25, 2013
Richmond, Virginia